UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 03-30285KPN

DIRECTV, INC.,
                    Plaintiff

            v.                                    ANSWER

DONALD L. HALL,
                    Defendant

Donald L. Hall, defendant herein, hereby answers the Complaint as follows:

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

10.    Defendant is without knowledge or information sufficient to form a belief as to the

HOCHBERG & STURGEON
ATTORNEYS AT LAW
122 NORTH STREET
SUITE 301
PITTSFIELD, MA 01201
TELEPHONE (413) 499-2323
TELEFAX   (413) 499-1382

truth of this averment.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.

17. Denied.

18. Admitted that Defendant is and has been a resident of this District, denied as to all other averments.

19. Admitted that Defendant is a resident of Windsor, Massachusetts, denied as to all other averments.

    a. Admitted.
    b. Admitted.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. No answer is required.

25. No answer is required.

26. No answer is required.

HOCHBERG & STURGEON
ATTORNEYS AT LAW
122 NORTH STREET
SUITE 301
PITTSFIELD, MA 01201
TELEPHONE (413) 499-2323
TELEFAX   (413) 499-1382

27. Defendant repeats his responses to the preceding averments.

28. Denied.

29. Denied.

30. Denied.

31. Defendant repeats his responses to the preceding averments.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendant repeats his responses to the preceding averments.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendant repeats his responses to the preceding averments.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

HOCHBERG & STURGEON
ATTORNEYS AT LAW
122 NORTH STREET
SUITE 301
PITTSFIELD, MA 01201
TELEPHONE (413) 499-2323
TELEFAX   (413) 499-1382

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE I

The plaintiff has failed to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE II

The plaintiff cannot, as a matter of law, establish that the defendant is in any way responsible for any act or omission at issue which proximately resulted in its alleged damages to the plaintiff.

### AFFIRMATIVE DEFENSE III

If the plaintiff was damaged as alleged, then such damage was not the proximate result of any act or omission or breach of duty of the defendant, and the plaintiff may therefore not recover against the defendant as alleged.

### AFFIRMATIVE DEFENSE IV

If the plaintiff was damage as alleged, then such damage was the proximate result solely of its own acts or omissions in violation of law, and the plaintiff may therefore not recover against the defendant as alleged, or the plaintiff's recovery, if any, must be reduced according to law and principles of equity.

### AFFIRMATIVE DEFENSE V

If the plaintiff was damage as alleged, then such damage was the proximate result solely of the acts or omissions in violation of law of a third person or persons for whose conduct the defendant is not legally responsible, and the plaintiff may therefore not recover against the defendant as alleged.

### AFFIRMATIVE DEFENSE VI

The defendant is entitled to an offset from any damages due to the plaintiff for those amounts received by the plaintiff and for those amounts which plaintiff would have expended or incurred had the defendant's alleged wrongful conduct not occurred.

### AFFIRMATIVE DEFENSE VII

The plaintiff has failed to mitigate its damages.

HOCHBERG & STURGEON

ATTORNEYS AT LAW

122 NORTH STREET

SUITE 301

PITTSFIELD, MA 01201

TELEPHONE (413) 499-2323

TELEFAX   (413) 499-1382

## AFFIRMATIVE DEFENSE VIII

The plaintiff's claims are barred by the applicable statute(s) of limitations.

## AFFIRMATIVE DEFENSE IX

The plaintiff is barred by its own unclean hands from asserting the claims herein.

## AFFIRMATIVE DEFENSE X

The plaintiff is estopped by its own delay and by its laches from asserting the claims herein

## AFFIRMATIVE DEFENSE XI

The plaintiff is precluded from maintaining this action due to its failure to comply with Massachusetts General Laws, Ch. 181, §1 *et seq.*

## AFFIRMATIVE DEFENSE XII

The plaintiff's claims are barred by the statute of frauds.

## AFFIRMATIVE DEFENSE XIII

The defendant's actions with reference to the conduct at issue were reasonable and justified under the circumstances.

## AFFIRMATIVE DEFENSE XIV

The court is without jurisdiction over the subject matter of this action.

## AFFIRMATIVE DEFENSE XV

The plaintiff did not suffer any damage and was not affected in its legal rights as a direct and proximate result of any wrongful act or practice of the defendant.

## AFFIRMATIVE DEFENSE XVI

The plaintiff's actions as to the defendant are illegal as is set forth in various pending class actions against the plaintiff by those with whom the plaintiff is similarly situated.

## AFFIRMATIVE DEFENSE XVII

The plaintiff has failed to satisfy conditions precedent and jurisdictional prerequisites to its claims in that it has failed to meet the notice and procedural requirements imposed by law with

HOCHBERG & STURGEON
ATTORNEYS AT LAW
122 NORTH STREET
SUITE 301
PITTSFIELD, MA 01201
TELEPHONE (413) 499-2323
TELEFAX   (413) 499-1382

respect to its claims against the defendant, and the Court is thereby divested of jurisdiction over the subject matter of this action.

## AFFIRMATIVE DEFENSE XVIII

The plaintiff has failed to give due and sufficient notice to the defendant or other appropriate parties of any alleged claim or breach of duty, and the defendant has been prejudiced thereby.

## AFFIRMATIVE DEFENSE XIX

The plaintiffs have failed to join a necessary or indispensable party pursuant to Fed.R.Civ.P. 19.

## AFFIRMATIVE DEFENSE XX

The actions of the defendant alleged to be ilegal or wrongful were not illegal or wrongfu but were instead based upon the defendant's good faith belief as to her bona fide and legitimate concerns or interests.

## AFFIRMATIVE DEFENSE XXI

Both process and service of process over the defendant are insufficient.

## AFFIRMATIVE DEFENSE XXII

Because of the absence of any evidence or proof, the plaintiff has failed to adequately allege and is unable to establish any wrongful or illegal conduct on the part of the defendant.

## AFFIRMATIVE DEFENSE XXIII

There is no causal connection between the defendant's alleged violations of 47 U.S.C §605 and any actionable harm or damage suffered by the plaintiff.

## AFFIRMATIVE DEFENSE XXIV

Because of the absence of any evidence or proof, the plaintiff has failed to adequately allege and is unable to establish that the defendant was at any material time engaged in "receiving assisting in receiving, trasmitting or assisting in transmitting, any interstate or foreign communication by wire or radio" as required so as to impose liability upon the defendant under 47 U.S.C. §605(a).

## AFFIRMATIVE DEFENSE XXV

Because of the absence of any evidence or proof, the plaintiff has failed to adequately

HOCHBERG & STURGEON
ATTORNEYS AT LAW
122 NORTH STREET
SUITE 301
PITTSFIELD, MA 01201
TELEPHONE (413) 499-2323
TELEFAX  (413) 499-1382

allege and is unable to establish that the defendant was at any material time a person who "manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activitiy prohibited by subsection (a)" all as required so as to impose liability upon the defendant under 47 U.S.C. §605(e)(4).

## AFFIRMATIVE DEFENSE XXVI

Mere possession of the items which the plaintiff is alleged to have possessed is not illegal and does not constitute a violation of either 47 U.S.C. §605 or 18 U.S.C. §2511.

## AFFIRMATIVE DEFENSE XXVII

There is no causal connection between the defendant's alleged violations of 18 U.S.C. §2511 and any actionable harm or damage suffered by the plaintiff.

## AFFIRMATIVE DEFENSE XXVIII

Because of absence of any evidence or proof, the plaintiff has failed to adequately allege and is unable to establish that the defendant committed cognizable predicate acts so as to impose liability upon the defendant under either 47 U.S.C. §605 or 18 U.S.C. §2511.

## AFFIRMATIVE DEFENSE XXIX

The plaintiff has failed to exhaust its administrative remedies.

## AFFIRMATIVE DEFENSE XXX

The plaintiff's claims are barred by the doctrine of primary jurisdiction.

## AFFIRMATIVE DEFENSE XXXI

The plaintiff is not entitled to maintain an action seeking relief in the nature of an accounting since there is no fiduciary relationship between the parties and their relationship is insufficient to establish a right to such relief.

## AFFIRMATIVE DEFENSE XXXII

An award of statutory or punitive damages in this proceeding would violate the defendant's rights under the due process clause, the equal protection clause, the excessive fines clause and other clauses and provisions of the Constitution of the United States and the Massachusetts Declaration of Rights.

## DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

HOCHBERG & STURGEON
ATTORNEYS AT LAW
122 NORTH STREET
SUITE 301
PITTSFIELD, MA 01201
TELEPHONE (413) 499-2323
TELEFAX    (413) 499-1382

Respectfully Submitted,
DONALD L. HALL,
Defendant

Dated:  March 8, 2004

By

Peter J. Sturgeon, Esquire
Hochberg & Sturgeon
122 North Street, Suite 301
Pittsfield, MA  01201
(413) 499-2323
BBO# 555561

I hereby certify that a true copy of the
above                                   party
or each

3/8/04

HOCHBERG & STURGEON

ATTORNEYS AT LAW

122 NORTH STREET

SUITE 301

PITTSFIELD, MA 01201

TELEPHONE (413) 499-2323

TELEFAX    (413) 499-1382